**In re Geoffrey MARGOLIS, Alain Mercier, and Klaus Schlecht.**

**Appeal No. 85–2616.**

United States Court of Appeals, Federal Circuit.

March 7, 1986.

---

7. *Id.*

William H. Vogt, III, of Vogt & O'Donnell, White Plains, N.Y., argued, for appellants; Glenn E. Karta was of counsel.

Robert D. Edmonds, Associate Solicitor, of Office of the Solicitor, Arlington, Va., argued, for appellee. With him on brief were Joseph F. Nakamura, Solicitor, and Fred E. McKelvey, Deputy Solicitor.

Before MARKEY, Chief Judge, and SMITH and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

Patent applicants Geoffrey Margolis, Alain Mercier, and Klaus Schlecht (hereinafter Margolis), assignors to Nestec, S.A., appeal the decision of the Patent and Trademark Office (PTO) Board of Patent Appeals and Interferences (the Board), that affirmed the rejection of claims 1 through 8 of patent application Serial No. 297,324 on the ground that the claimed invention would have been obvious under 35 U.S.C. § 103. We vacate the decision and remand to the PTO.

*Opinion*

■ The claimed invention relates to the manufacture of soluble coffee, and is described as providing improved flavor retention without loss of yield. Claim 1 describes the process:

1. Process for extracting roasted and ground coffee comprising wetting, in the absence of oxygen, roasted and ground coffee having an average particle size not exceeding 2.0 mm, with at least twice its weight of an aqueous liquid, transferring the wetted coffee, out of contact with oxygen, to an extractor and extracting the coffee with an aqueous liquid at a temperature of at least 100°C.

Claims 2 through 8 were not argued separately, and need not be separately considered. *In re Sernaker*, 702 F.2d 989, 991, 217 USPQ 1, 3 (Fed.Cir.1983).

The rejection under § 103 as upheld by the Board was based on Nestle's British Patent No. 1,571,156 and certain pages of Volume I of M. Sivetz & H. Foote, *Coffee Processing Technology* [hereinafter cited as Sivetz]. The Board also referred to Epstein U.S. Patent No. 2,783,149.

The British patent describes the several steps of the disclosed process, including prewetting outside the extractor column, except for the requirement that oxygen be excluded during the two steps of prewetting and transfer. The Sivetz book was relied on for its teaching that "the most important factors affecting roast coffee shelf life are oxygen and moisture." The Epstein patent teaches the extraction of coffee using carbonated cold water, which "eliminates the oxidative action of atmospheric air and prevents deterioration of the coffee".

Margolis argues that although prewetting of the ground coffee is not new, it was considered disadvantageous to the flavor of the final product. Margolis cites the Sivetz book for its teaching that prewetting outside the extractor column "is bad because it causes staling of ground coffee in less than an hour, accompanied by a heavy undesirable flavor". Margolis asserts that he avoids these expected disadvantages by excluding oxygen in both the prewetting and transfer stages, and that neither his procedure, nor the advantages he achieves, is reported in an otherwise extensive prior art.

As evidence of his unexpected results, Margolis points to the data in the specification comparing coffee produced by his process with that produced without removal of oxygen, as follows:

Samples of instant coffee prepared according to a conventional method without pre-wetting (I), with pre-wetting in the percolator (II), according to Examples 1 (III) and 5 (IV), were evaluated by a panel of trained tasters. Their comments are summarized below.

| Sample | Comments |
|---|---|
| I | Full, balanced but with artificial acidity, process taste, instant coffee flavour |
| II | Full but with grounds flavour, cereal flavour, baggy taste |
| III | Full, balanced, clean, natural, neutral |
| IV | Full, balanced, aromatic, fresh, filter coffee flavour |

The Examiner and the Board refused to consider this evidence, giving the reason that Margolis' Examples 1–6 in the specification do not recite that they were conducted in the absence of oxygen. Thus the Board held that "[w]e are apprised of no evidence showing that appellants obtained any unexpected results", and rejected the claims for obviousness in view of the prior art.

Margolis takes issue with the Board's reading of the specification. Margolis argues that the purpose of the specification is to describe and illustrate the claimed invention, and characterizes the Board's reading of the disclosure as "contrary to logic, reason, and the text of the specification". He points to various statements in the specification:

According to the invention the process comprises wetting, in the absence of oxygen ... transferring the wetted coffee, out of contact with oxygen....

and immediately preceding the examples:

The following examples are given for the purposes of illustrating the process according to the invention.

We agree with Margolis that the Board's position is in error. It is plain that the examples illustrate Margolis' invention.

The specific examples provided the basis for the comparative data tabulated *supra*. The Board had not commented on the probative value of these data, in view of its criticism of the examples. Neither had the Examiner. The data which compare the products of examples 1 and 5 with conventional instant coffee must be considered in reaching a conclusion as to whether the claimed invention as a whole would have been obvious. Neither the prior art, nor the comparative data, is properly considered alone.

It is the entire body of evidence, that arising in the prior art and that provided by the applicant, which must be weighed in the first instance by the PTO. Because the Board did not consider Margolis' comparative data, the record before us is insufficient. 35 U.S.C. § 144. To enable these

further proceedings before the PTO, the decision of the Board is vacated and the case is remanded.

 The Commissioner in his brief presented certain new arguments on this appeal, relying on references that had been before the Examiner, but raising objections under 35 U.S.C. § 102 and § 103 that had not been appealed to or relied upon by the Board. In the interest of an orderly and fair administrative process, it is inappropriate for this court to consider rejections that had not been considered by or relied upon by the Board. *In re Hedges,* 783 F.2d 1038, 1039 (Fed.Cir.1986); *In re Hounsfield,* 699 F.2d 1320, 1324, 216 USPQ 1045, 1048–49 (Fed.Cir.1983).

VACATED AND REMANDED.