NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

## IN RE ITZHAK BENTWICH

---

2013-1460

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Serial No. 10/536,560.

---

Decided: June 6, 2014

---

TEDDY C. SCOTT, JR., Polsinelli PC, of Chicago, Illinois, argued for appellant. With him on the brief was MARK T. DEMING.

FARHEENA Y. RASHEED, Associate Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, argued for appellee. With her on the brief were NATHAN K. KELLEY, Deputy General Counsel for Intellectual Property Law and Solicitor, and THOMAS W. KRAUSE, Associate Solicitor.

---

Before LOURIE, CLEVENGER, and REYNA, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Itzhak Bentwich ("Bentwich") appeals from the decision of the United States Patent and Trademark Office ("PTO") Patent Trial and Appeal Board (the "Board") rejecting claim 21 of U.S. Patent Application 10/536,560 (the "'560 application") as anticipated by Wang *et al.*, 45 Antimicrob. Agents Chemother. 1043 (2001) ("Wang") as evidenced by Klump *et al.*, 64 J. Virology 1573 (1990) ("Klump"). *See Ex Parte Bentwich*, No. 2012-001111, 2012 WL 6562733, at *5 (P.T.A.B. Dec. 11, 2012) ("*Board Decision*"), *aff'd on reh'g*, 2013 WL 958316, at *1 (P.T.A.B. Mar. 11, 2013) ("*Rehearing Decision*"). Because Bentwich conceded on appeal that claim 21 contains patent ineligible subject matter under 35 U.S.C. § 101, and other pending claims were not acted upon, we affirm the rejection of claim 21 and remand for further proceedings with respect to the remaining application claims.

## BACKGROUND

The '560 application, entitled "Bioinformatically Detectable Group of Novel Viral Regulatory Genes and Uses Thereof," claims isolated viral nucleic acids that can regulate viral gene expression as well as probes and vectors comprising those viral nucleic acids. Claim 21, the only claim at issue in this appeal, reads as follows:

21. An isolated first viral nucleic acid or complement thereof, wherein

(a) the first viral nucleic acid consists of 15–24 nucleotides;

(b) a second viral nucleic acid consisting of 50 to 131 nucleotides comprises the first viral nucleic acid;

(c) the second viral nucleic acid is capable of forming a hairpin, wherein

(i) the hairpin comprises two stem segments and an intervening loop segment;

(ii) the two stem segments each consists of 14–71 nucleotides;

(iii) the loop segment consists of 3 to 19 nucleotides;

(iv) the first and second stem segments are at least 30.8% complementary; and

(v) one of the stem segments of the hairpin comprises the first viral nucleic acid;

(d) the first viral nucleic acid is capable of binding to a binding site of a [sic] mRNA; and

(e) the first viral nucleic acid is capable of inhibiting expression of a protein encoded by a [sic] mRNA, wherein the mRNA comprises the binding site;

wherein a viral genome comprises the sequence of the first and second viral nucleic acids.

Appeal Brief, No. 10/536,560, at 25 (May 21, 2011). In the '560 application, claims 22–34, 50, 52, and 53 depend from claim 21 and are presently pending. *Id.* at 25–28. Claims 35–48, 51, 54, and 55 have been withdrawn and claims 1–20 and 49 have been canceled by Bentwich. *Id.* at 1.

The PTO examiner rejected claims 21–34, 50, 52, and 53 on the grounds of indefiniteness, anticipation, and obviousness and made those rejections final. Bentwich appealed to the Board, which reversed all of the examiner's rejections. *Board Decision* at *5. The Board, however, entered a new ground of rejection pursuant to 37 C.F.R. § 41.50(b), rejecting independent claim 21 as anticipated by Wang as evidenced by Klump under 35

U.S.C. § 102(b) (2006). *Id.* at *4–5. The Board "le[ft] it to the Examiner to determine the applicability of [Wang] to the remaining claims" and therefore did not address the patentability of dependent claims 22–34, 50, 52, and 53 in view of Wang and Klump. *Id.* at *5. Bentwich timely requested rehearing and argued against the rejection of claim 21. The Board granted Bentwich's request, but maintained the anticipation rejection after considering his arguments, thus making the rejection of claim 21 final. *Rehearing Decision* at *1; *see also* 37 C.F.R. § 41.52.

Bentwich appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

In the briefing, both parties focus their arguments on the anticipation rejection of claim 21. The Director also notes that the Board issued its decisions before the Supreme Court decided *Association for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107 (2013), concerning the patent eligibility of certain genetic materials under § 101. The Director argues that, although the Board did not address the issue of patent eligibility of Bentwich's application claims, claim 21 covers patent ineligible subject matter under *Myriad*. Bentwich responds that § 101 and *Myriad* did not form the basis of any rejection by the examiner or the Board. Bentwich also generally maintains that some of the pending claims are directed to patent eligible subject matter.

During oral argument, Bentwich conceded that both the isolated viral nucleic acid and complement thereof as claimed in claim 21 are naturally occurring and patent ineligible under § 101 and *Myriad*. Oral Argument at 2:00–59, 4:14–23, 8:46–51, *In re Bentwich*, No. 2013-1460, *available at* http://www.cafc.uscourts.gov/oral-argument-recordings/all/bentwich.html. Bentwich, however, argues that the probes and vectors that are claimed in claims 33

and 34 and the withdrawn claims 47 and 48 are eligible for patent protection. *Id.* at 3:18–38.

Because Bentwich has conceded that claim 21 covers patent ineligible subject matter, we affirm the rejection of that claim and need not address the merits of the anticipation rejection issued by the Board. If the claim is not patent eligible, patentability over prior art does not matter. *See In re Comiskey*, 554 F.3d 967, 969 (Fed. Cir. 2009) (concluding that the appealed claims recite patent ineligible subject matter without addressing the merits of the examiner's obviousness rejection). Moreover, we decline to consider the patent eligibility or patentability of claims 33 and 34 and the withdrawn claims 47 and 48 of the '560 application, because those claims do not presently stand rejected by either the examiner or the Board. *In re Margolis*, 785 F.2d 1029, 1032 (Fed. Cir. 1986) ("In the interest of an orderly and fair administrative process, it is inappropriate for this court to consider rejections that had not been considered by or relied upon by the Board.") (citing *In re Hedges*, 783 F.2d 1038, 1039 (Fed. Cir. 1986); *In re Hounsfield*, 699 F.2d 1320, 1324 (Fed. Cir. 1983)). We therefore remand for any further proceedings at the PTO with respect to the remaining, presently unrejected claims of the '560 application.

## CONCLUSION

For the foregoing reasons, we affirm the rejection of claim 21 and remand for further proceedings consistent with this decision.

## AFFIRMED